**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ADOBE SYSTEMS INCORPORATED,

    Plaintiff,

  v.

RICHARD LEWIS, *et al.*,

    Defendants.

No. C 08-04046 SBA

**ORDER**

[Docket No. 20]

On March 3, 2009, the Court held a hearing on plaintiff's Motion for Entry of Default Judgment (the "Motion") [Docket No. 20] based on defendant Lamor Morton's alleged trademark infringement under 15 U.S.C. § 1114(a)(1). At the hearing, the Court noted the following:

(1) Title 50 U.S.C. App. § 521 of the Servicemembers Civil Relief Act (the "Act") requires Adobe to provide the Court with specific facts regarding Morton's military status or why Adobe is unable to obtain them. Adobe's counsel declares that "I am informed and believe that Defendant is not currently serving in the military." Mot., Drey Decl. ¶ 8. At the hearing, counsel said that she spoke with Morton on October 28, 2008, and that he said he was not in military service at that time and would not invoke the Act in this matter. Counsel did not declare these facts in her declaration filed with the Motion. The Court finds that Adobe has not complied with § 521.

(2) Adobe claims that Morton engaged in five specific acts of trademark infringement, but does not specifically identify them in the Motion or its First Amended Complaint [Docket No. 11]. The Court finds that Adobe has not demonstrated five violations of 15 U.S.C. § 1114(a)(1).

(3) Adobe has requested a permanent injunction under 15 U.S.C. § 1116(a). Adobe's evidence shows that from January 8, 2008 through January 8, 2009, Morton sold one allegedly counterfeit copy of Adobe Sounbooth on May 13, 2008. With regards to an injunction, Adobe has not shown, inter alia, any ongoing irreparable harm or that remedies at law are inadequate. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006). The Court finds that Adobe has not met its burden to demonstrate that it is entitled to a permanent injunction.

(4) Adobe has requested statutory damages of $250,000, under 15 U.S.C. § 1117(c)(1) for willful infringement, or alternatively, under 15 U.S.C. § 1117(c)(2) for innocent infringement. With regards to § 1117(c)(1), Adobe's only evidence of willful infringement is the evidence presented for a permanent injunction. With regards to § 1117(c)(2), Adobe requests $50,000 per trademark infringement, on this same evidence. Because Adobe has failed to identify the five trademarks which Morton allegedly infringed upon, it is not entitled to $50,000 in damages for each alleged infringement.

ACCORDINGLY, the Court orders that:

(1)  Adobe's Motion for Entry of Default Judgment [Docket No. 20] is DENIED without prejudice.

(2)  The entry of default against defendant Lamor Morton is VACATED.

(3)  Adobe has until March 17, 2009 to file a Second Amended Complaint.

(4)  A Case Management Conference is SET for May 6, 2009, at 3:00 p.m. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

March 4, 2009

Saundra Brown Armstrong
United States District Judge